UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEJANDRO FRANCO,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**OPINION AND ORDER**

16 Civ. 9671 (ER)

Ramos, D.J.:

        Alejandro Franco ("Plaintiff") brings this action *pro se* pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Pending before the Court is the Commissioner's unopposed motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. On July 18, 2017, Magistrate Judge Andrew J. Peck issued a Report and Recommendation ("R & R"), recommending that the Commissioner's motion for judgment on the pleadings be denied and the case be remanded to the Commissioner for further proceedings. Doc. 13. For the reasons stated herein, the Court ADOPTS the R & R and directs the entry of judgment as recommended.

**I.    Background**

        Plaintiff filed for DIB in August 2015. R & R at 1. The Social Security Administration ("SSA") denied his application on October 19, 2015. *Id*. at 1–2. After timely requesting a hearing, Plaintiff appeared before an Administrative Law Judge ("ALJ") on February 2, 2016. *Id*. at 2. On February 11, 2016, the ALJ confirmed the denial of benefits, finding that Plaintiff was not disabled. *Id*. Plaintiff appealed the ALJ's decision, and on October 9, 2016, the SSA's

Appeals Council denied Plaintiff's request for review. *Id*. Plaintiff filed the instant action *pro se* on December 14, 2016. Doc. 2. The Commissioner thereafter moved for judgment on the pleadings. Doc. 10.

On July 18, 2017, Judge Peck issued his R & R, recommending that the Commissioner's motion be denied and that the matter be remanded to the Commissioner for proceedings consistent with his analysis. R&R at 20. Specifically, he found that the matter should be remanded due to the ALJ's failure to (1) develop the record, and (2) follow the treating physician rule. *Id*. at 17–19. Judge Peck also found that the ALJ's determination that Plaintiff was not disabled was not supported by substantial evidence. *Id*. at 19–20.

Judge Peck noted that objections, if any, would be due fourteen days from service of the R & R and that failure to timely object would preclude later appellate review of any order of judgment entered. *Id*. at 20–21. Neither the Plaintiff, nor the Commissioner filed objections. They have therefore waived their right to object to the R & R. *See Dow Jones & Co. v. Real–Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.1992); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

## II. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also DeLeon v. Strack*, 234 F.3d 84, 87 (2d Cir. 2000) (citing *United States v. Male Juvenile*

*(95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997)). The district court may adopt those parts of the report and recommendation to which no party had timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

### III. Conclusion

The Court has carefully reviewed Judge Peck's thorough and well-reasoned R & R and finds no error, clear or otherwise. Accordingly, the Court adopts the R & R in its entirety. The Commissioner's motion for judgment on the pleadings is therefore DENIED and the matter is REMANDED to the ALJ for further proceedings. The parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa–Grund*, No. 06 Civ. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997)).

The Clerk of Court is respectfully directed to terminate the motion, Doc. 10, to mail a copy of this Opinion and Order to Plaintiff, and to close the case.

It is SO ORDERED.

Dated:   October 2, 2017
         New York, New York

_____
Edgardo Ramos, U.S.D.J.